# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.:16-cv-22605-UU
Criminal Case No.: 11-cr-20700-UU

GERARD MANN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION TO VACATE SENTENCE

THIS CAUSE is before the Court upon Petitioner Gerald Mann's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (the "Motion"). D.E. 1.

THE COURT has considered the Motion and the pertinent portions of the record, and is otherwise fully advised of the premises.

### I. THE UNDERLYING CRIMINAL CASE

On December 8, 2011, Mann pleaded guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1) and one count of possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3). D.E. 38, 42–43.[1] Mann signed a Factual Proffer, stipulating that if the case had proceeded to trial, the United States would have proven beyond a reasonable doubt that Mann and his co-defendants planned with each other to commit, and did commit, an armed robbery of the Shake Shack restaurant, located at 1660 Lennox Avenue, Miami Beach, Florida. D.E. 43 at *1. Mann stipulated that the United States would have proven beyond a reasonable doubt that he knew,

---

[1] All docket citations in this section refer to the docket in *United States v. Mann*, No. 11-cr-20700-UU (S.D. Fla.) (the "Criminal Case").

prior to the robbery, that a firearm would be carried into the Shake Shack to facilitate the robbery. *Id.* Additionally, during the course of the robbery, Mann "pulled a loaded, .38 caliber revolver from his shorts, pointed it at the manager, and told him to open the safe." *Id.* at *1–2.

On May 4, 2012, Mann was sentenced to a term of 26 months as to Count 1, followed by a mandatory minimum term of 84 months (7 years) as to Count 3, for a total of 110 months. D.E. 69.

## II. POST-CONVICTION PROCEEDINGS

On June 24, 2016, Mann filed the instant Motion, commencing this case under 28 U.S.C. § 2255. D.E. 1.[2] Mann argues that his § 924(c) conviction should be overturned because the Hobbs Act conspiracy charge (Count 1) underlying the § 924(c) conviction is (1) not a "crime of violence" under the "elements" clause of § 924(c)(3)(A),[3] and (2) not supported by the "residual" clause of § 924(c)(3)(B),[4] because that clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Motion was referred to Magistrate Judge Alicia M. Otazo-Reyes, who, on January 24, 2017, issued a Report (the "Report") recommending that the Motion be denied because, even though the Hobbs Act conspiracy conviction did not qualify as a "crime of violence" under the elements clause, it still qualified under the residual clause, which was not invalidated by *Johnson*. D.E. 20.

On March 16, 2017, upon *de novo* review, this Court affirmed and adopted the Magistrate Judge's finding that Mann's conviction for conspiracy to commit Hobbes Act Robbery does not qualify as a crime of violence under § 924(c)'s elements clause. D.E. 22. However, the Court

---

[2] Unless otherwise indicated, all remaining docket citations in this Order refer to the docket in the instant civil case.

[3] 18 U.S.C. § 924(c)(3)(A) defines a "crime of violence" as "an offense that is a felony and—**(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"

[4] 18 U.S.C. § 924(c)(3)(B) provides an alternate definition for a "crime of violence": "an offense that is a felony and…**(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

rejected the Magistrate Judge's finding regarding § 924(c)'s residual clause and concluded that such clause was unconstitutionally vague in light of *Johnson. Id*. On March 23, 2017, the United States moved for reconsideration, D.E. 24, which motion was denied on April 19, 2017, D.E. 27.

Meanwhile, on June 8, 2017, the Court held a re-sentencing hearing in Mann's criminal case. Criminal Case, D.E. 103. On June 13, 2017, the Court entered an amended judgment in Mann's criminal case, vacating the sentence as to Count 3 and amending the sentence as to Count 1 for a term of 84 months. Criminal Case, D.E. 104.

On July 10, 2017, the United States appealed the Court's rulings. D.E. 28. On July 11, 2017, the United States moved to stay execution of the Court's order amending the judgment pending appeal. D.E. 29; Criminal Case, D.E. 105. On July 24, 2017, the Court granted the stay pending appeal. D.E. 34; Criminal Case, D.E. 111.

On December 18, 2018, the Eleventh Circuit Court of Appeals issued its mandate vacating this Court's decision on the residual clause issue. D.E. 45; Criminal Case, D.E. 113. The Eleventh Circuit *per curiam* affirmed the Court's use of the "categorical approach" as to § 924(c)(3)(A) (the elements clause), but held that, pursuant to *Ovalles v. United States*, No. 17-10172, ___ F.3d __, 2018 WL 4830079 (11th Cir. Oct. 4, 2018) (en banc), the Court must apply a "conduct based" approach in analyzing Mann's conviction under § 924(c)(3)(B) (the residual clause). D.E. 45 at *9; Criminal Case, D.E. 113 at *9. Accordingly, the Eleventh Circuit remanded for reconsideration in light of *Ovalles. Id.*

**III. APPLYING THE CONDUCT-BASED APPROACH, MANN'S CONSPIRACY TO COMMIT HOBBS ACT ROBBERY CONSTITUTES A "CRIME OF VIOLENCE" UNDER § 924(c)(3)(B)**

As an initial matter, the Court reiterates its prior conclusion that conspiracy to commit Hobbs Act robbery is not a "crime of violence" under § 924(c)'s elements clause. The Court

3

now concludes, however, that *Ovalles* forecloses Mann's argument that the residual clause is unconstitutionally vague. Under *Ovalles*, the residual clause remains valid so long as the does not apply the categorical approach. *See Ovalles*, 2018 WL 4830079, at *1–2. The Court must apply "a conduct-based approach, pursuant to which the crime-of-violence determination should be made by reference to the actual facts and circumstances underlying a defendant's offense." *Id.* at *2.

The actual facts and circumstances underlying Mann's conviction for conspiracy to commit Hobbs Act robbery support that the conspiracy was a crime of violence. As Mann stipulated in his factual proffer, he knew that a firearm was going to be used to facilitate the Shake Shack robbery. Criminal Case, D.E. 43 at *9. Post-*Ovalles*, Eleventh Circuit case law supports that a conspiracy conviction can satisfy the residual clause where the conviction reflects the defendant's awareness that, if needed, a firearm may be used to carry out the substantive offense. *See McKnight v. United States*, --- F. App'x ----, 2019 WL 244896, at *2 (11th Cir. Jan. 17, 2019) (conspiracy to commit a Hobbs Act robbery involved a substantial risk that physical force may be used against a person or property, thereby constituting a crime of violence under the residual clause, where government proffered at defendant's plea hearing, without objection, that it would have proven that defendant agreed to steal cocaine from a stash house "by using force through firearms and ammunition"); *Herrera v. United States*, --- F. App'x ----, 2019 WL 157532, at *2 (11th Cir. Jan. 10, 2019) (conspiracy to commit Hobbs Act robbery conviction satisfied residual clause where defendant "signed a written factual proffer in which he admitted to conspiring to commit a home invasion robbery" and the proffer "contained details of the items uncovered after a search of the defendants and their vehicle, including two loaded guns, ammunition, a ski mask, and zip ties"). This is consistent with case law in other jurisdictions

4

applying the residual clause to conspiracy convictions. *See, e.g.*, *United States v. Climico*, --- F. App'x ----, 2018 WL 5371442, at *4 (2d Cir. Oct. 29, 2018) (conspiracy to steal cocaine through the use of physical force was a "crime of violence" in light of the conspirators' plan to use physical force, bringing firearms and rope to the robbery location); *United States v. Douglas*, 907 F.3d 1, 16–17 (1st Cir. 2018) (defendant "joined the conspiracy knowing its goal" of using violence, including brandishing firearms, to steal oxycodone and proceeds of drug dealing); *United States v. Barrett*, 903 F.3d 166, 184 (2d Cir. 2018) (where "violence was the very hallmark of the charged conspiracy," then "the charged conspiracy, *by its nature*, involved a substantial risk of the use of physical force"). The residual clause is easily satisfied here based on Mann's knowledge of the intended use of a firearm to rob the Shake Shack.

## CONCLUSION

Given that, under the conduct-based approach to § 924(c)'s residual clause, Movant's conviction for conspiracy to commit Hobbes Act robbery is a predicate violent felony, Movant's conviction under 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3) stands.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

(1) The stay in this case, D.E. 34, is **LIFTED**.

(2) The Report, D.E. 20, is **RATIFIED**, **ADOPTED**, and **AFFIRMED**, and is supplemented by the findings made herein;

(3) Mann's Objections, D.E. 21, are **OVERRULED**;

(4) Mann's Motion, D.E. 1, is **DENIED;**

(5) The stay in Criminal Case No. 1:11-cr-20700-UU-1, D.E. 111, is **LIFTED;**

(6) The Court's second amended judgment in Criminal Case No. 1:11-cr-20700-UU-1, D.E. 104, is **VACATED;**

(7) The Court's first amended judgment in Criminal Case No. 1:11-cr-20700-UU-1, D.E. 69, is **REINSTATED;**

(8) No certificate of appealability shall issue;

(9) The Clerk shall enter final judgment; and

(10)     This case is **CLOSED.**

DONE AND ORDERED in Chambers at Miami, Florida, this _24th___ day of January, 2019.

*[signature: Ursula Ungaro]*

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record via cm/ecf